THE WILLIAMS LAW GROUP
Andrew Williams, Esq.
*Attorneys for Plaintiff*
9600 S. Dixie Hwy
Suite 1311
Miami, Florida 33156
Telephone: (305) 916-1122
CA Bar No. 310526
Email: Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

**Attorney for Plaintiff, Allan Joseph Salas**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN JOSEPH SALAS, an individual, <br> Plaintiff, <br> vs. <br> RODARIUS MARCELL GREEN p/k/a "Rod Wave", an individual; <br> ALAMO RECORDS; <br> SONY MUSIC ENTERTAINMENT; and DOES 1 through 10, inclusive <br> Defendants. | Case No.: <br> COMPLAINT FOR <br> 1. COPYRIGHT INFRINGEMENT <br> 2. UNJUST ENRICHMENT <br> **DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

NOW COMES Plaintiff, ALLAN JOSEPH SALAS ("Mr. Salas" or "Plaintiff"), by and through undersigned counsel and hereby files this Complaint and Demand for Jury Trial against Defendants, RODARIUS MARCELL GREEN p/k/a Rod Wave ("Green"), ALAMO RECORDS ("Alamo"); SONY MUSIC ENTERTAINMENT ("Sony"); and DOES 1 through 10, inclusive, (collectively, all defendants shall be known as the "Defendants") and states as follows:

COMPLAINT FOR DAMAGES - 1

# INTRODUCTION

1. This is a suit based upon violations of the United States Copyright Act (the "Act"). The Plaintiff has specifically plead counts of: Copyright Infringement, and/or additionally, or in the alternative, a claim for Unjust Enrichment. The Plaintiff, however, may move to amend these counts should additional counts and/or claims against the DEFENDANTS be discovered.

2. The Plaintiff is seeking damages in an amount to be proved at trial in excess of Ome Hundred Fifty Thousand ($150,000.00), including an award of, costs, and attorney's fees.

# THE PARTIES, JURISDICTION, AND VENUE

3. Mr. Salas is an individual, and he was at all relevant times mentioned herein a citizen of the State of Florida.

4. Green is an individual, and he was at all relevant times mentioned herein a citizen of the State of Florida. At all relevant times herein, Green conducted business in the State of California, and specifically, Los Angeles County.

5. Alamo is an independent American record label, business entity unknown, with its principal place of business in the State of New York. At all relevant times mentioned herein, Alamo conducted business in the State of California, and specifically Los Angeles County.

6. Sony is an American multinational music company, business entity unknown, with its principal place of business in the State of New York. At all relevant times mentioned herein, Sony conducted business in the State of California, and specifically Los Angeles County. Sony distributes musical compositions, sound recordings, music videos and other music related materials on behalf of Alamo, including those of Green, and Sony financially benefits from works that are released by Alamo.

7. The full extent of the facts linking the fictitiously designated Defendants with the cause(s) of actions herein is unknown to the Plaintiff. Further the true names and capacities, whether individual, corporate, associate, plural or partnership, or otherwise, of Defendants, DOES 1 through 10, inclusive, are

unknown to the Plaintiff.  The Plaintiff therefore sues Defendants by such fictitious names.  The Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE is negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully responsible in some manner for the events and happenings hereinafter referred to, and negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully, proximately caused injuries and damages to the Plaintiff, as hereinafter alleged.  The Plaintiff will ask leave of this Court to amend this Complaint to show said Defendants' names and capacities once the same have been ascertained.

8.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because it arises under an Act of Congress, the United States Copyright Act, or the Act.

9.  Venue is proper in this District pursuant to § 1391, in that the Defendants reside and/or conducts business in Los Angeles County, California, and a substantial part of the events giving rise to these claims occurred in Los Angeles County, California.

**GENERAL ALLEGATIONS**

10.  Mr. Salas is a talented and well sought-after professional photographer, who has built a respected reputation in the entertainment industry.

11.  Mr. Salas is the author of the original color photograph of Green seen below (the "Photograph").



COMPLAINT FOR DAMAGES - 3

12. Mr. Salas took the Photograph of Green on or around August 24, 2024.

13. The Photograph was taken in Florida, while Green performed at a concert at the Amalie Arena, in Tampa, Florida, which is now known as the Benchmark International Arena (the "Arena").

14. Mr. Salas was authorized to be at the Arena to take photos of Green during this concert; however, Mr. Salas was never compensated for the Photograph and Mr. Salas never transferred any of his rights, including his copyrights to the Photograph, and he retains all such rights, including to his registered copyright of and for the Photograph.

15. On or around October 11, 2024, Green released his sixth studio album, "Last Lap" through Alamo and Sony (the "Album").

16. The Album's cover art, unbeknownst to Mr. Salas, featured the Photograph as seen above.

17. On or around October 19, 2024, Green launched the "Last Lap Tour," in which he traveled and performed in 36 cities across the United States (the "Tour").

18. Green, Alamo and Sony used the Photograph as the lead image to promote the Tour.

19. In addition, Green, Alamo and Sony used the Photograph on various merchandise items, such as hoodies and t-shirts that were sold during the Tour, and which earned the Defendants substantial profits.

20. Prior to the release of the Album, Green, Alamo and Sony were explicitly advised that the Photograph belonged to and was the proprietary property of Mr. Salas as Alamo's employee/agent, executive Sanchay "Dharmic" Jain ("Jain") inquired into who owned the Photograph and he was expressly advised that the Photograph was owned by Mr. Salas.

21. Despite being advised that Mr. Salas owned the Photograph, neither Green, Alamo, nor Sony attempted to contact Mr. Salas, nor did they attempt to obtain his permission or a license from him to use the Photograph.

22. In light of Jain's explicit knowledge that Mr. Salas owned and took the Photograph, which gave the Defendants actual, or at least constructive knowledge that Mr. Salas was the owner of the Photograph, the Defendants' unauthorized use of the Photograph was knowing, intentional, and in bad faith.

23. Even though the Defendants had already commercially released the Album, which contained unauthorized uses of the Photograph, the Defendants doubled down and tripled down on their unauthorized use of the Photograph, for commercial purposes, without seeking Mr. Salas' consent or permission when they used the Photograph on the Tour and in and for merchandise, further demonstrating that their use of the Photograph was knowing, intentional, unjustifiable, and in bad-faith.

24. The actions of the Defendants, in using the Photograph for commercial purposes violate, among other things, Mr. Salas' intellectual property and copyrights.

25. Mr. Salas attempted to advise Green, Alamo and Sony that they were each commercially benefitting from the unauthorized use of the Photograph, however, the Defendants have failed to remedy their infringement, to seek authorization and/or to otherwise compensate Mr. Salas for the Photograph.

26. Given the Defendants' unauthorized use of the Photograph, Mr. Salas has been damaged and injured, including, among other things, losing his rights and ability to independently sell and/or market the Photograph.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
(by the PLAINTIFF against GREEN)

27. The Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

28. Through Green's actions as described above and the commercial appropriation of the Photograph including, but not limited to, it being on the Album, it being used to promote the Tour and it being featured on merchandise (collectively, the "Unauthorized Uses"), Green has infringed and will continue to infringe on the copyrights of the Plaintiff in the Photograph in violation of the Plaintiffs' exclusive rights under 17

U.S.C. § 101 *et seq* as Green never had any authorization or other permission to use, publish, display, and/or commercially exploit the Photograph.

29. Green's actions based upon his actual and/or constructive knowledge that he did not have permission from the Plaintiff for the Unauthorized Uses shows that Green's use of the Photograph was deliberate, willful, and in utter disregard of the Plaintiff's rights.

30. Not only did Green not have permission to use the Photograph, Green also did not, and has not, provided the Plaintiff with any equitable compensation for his use of the Photograph.

31. Given the commercial success of the Album and the Tour, Green has realized unjust profits, gains and advantages as a proximate result of his infringement, and he will continue realizing unjust profits, gains and advantages as a proximate result of his infringement, as long as such infringement is permitted to continue.

32. As a direct and proximate result of Green's willful copyright infringement and the Unauthorized Uses, the Plaintiff has suffered and he will continue to suffer, monetary loss and a lack of proper credit.

33. The Plaintiff is entitled to recover from Green, in an amount to be determined at trial, the damages he has sustained, and that he will continue to sustain, and any gains, profits and advantages obtained by Green as a result of his infringing acts and his use, publication, display and commercial exploitation of the Photograph.

34. The Plaintiff is entitled to recover damages from Green that include, but are not limited to his attorneys' fees, the costs of this action that he has sustained and that he will continue to sustain, and any gains, profits and advantages obtained by Green as a result of Green's actions as have been alleged above.

35. At the present time, the amount of the Plaintiff's damages, gains, profits and advantages cannot be fully ascertained; however, such will be established according to proof at trial.

36. They Plaintiff anticipates that his damages will exceed One Hundred Fifty Thousand ($150,000.00) given the commercial success of the Album and the Tour, and based upon Green's willful, intentional and bad-faith actions.

## COUNT II
## COPYRIGHT INFRINGEMENT
(by the PLAINTIFF against ALAMO and SONY)

37. The Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

38. Through Alamo and Sony's (collectively, the "Label") actions as described above, and the commercial appropriation of the Photograph including, but not limited to, it being on the Album, it being used to promote the Tour, and it being featured on merchandise (collectively, the "Unauthorized Uses"), which were all to the Label's financial benefit, the Label has infringed and will continue to infringe on the copyrights of the Plaintiff in the Photograph in violation of the Plaintiffs' exclusive rights under 17 U.S.C. § 101 *et seq* as the Label never had any authorization or other permission to use, publish, display, and/or commercially exploit the Photograph.

39. The Label's actions based upon its actual and/or constructive knowledge that neither it nor Green paid the Plaintiff for their use of the Photograph or had a license to use the Photograph show that the Label's use of the Photograph was deliberate, willful, and in utter disregard of the Plaintiff's rights.

40. Not only did the Label not have permission to use the Photograph, the Label also did not, and has not, provided the Plaintiff with any equitable compensation for the Unauthorized Uses of the Photograph.

41. Given the commercial success of the Album and the Tour, the Label has realized unjust profits, gains and advantages as a proximate result of its infringement, and it will continue realizing unjust profits, gains and advantages as a proximate result of its infringement, so long as such infringement is permitted to continue.

42. As a direct and proximate result of the Label's willful copyright infringement, the Plaintiff has

suffered and he will continue to suffer, monetary loss and a lack of proper credit.

43. The Plaintiff is entitled to recover from the Label, in an amount to be determined at trial, the damages he has sustained, and that he will continue to sustain, and any gains, profits and advantages obtained by the Label as a result of its infringing acts and its use, publication, display and commercial exploitation of the Photograph.

44. The Plaintiff is entitled to recover damages from the Label that include, but are not limited to his attorneys' fees, the costs of this action that he has sustained and that he will continue to sustain, and any gains, profits and advantages obtained by the Label as a result of the Label's actions as have been alleged above.

45. At the present time, the amount of the Plaintiff's damages, gains, profits and advantages cannot be fully ascertained; however, such will be established according to proof at trial.

46. They Plaintiff anticipates that his damages will exceed One Hundred Fifty Thousand ($150,000.00) given the commercial success of the Album and the Tour, and based upon the Label's willful, intentional and bad-faith actions.

## COUNT III
## UNJUST ENRICHMENT
(by the PLAINTIFF against the DEFENDANTS)

47. The Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation contained in the above Paragraphs and incorporates the same herein as though fully set forth herein.

48. Beginning sometime prior to October 11, 2024, the Defendants used, displayed, and published the Photograph for commercial purposes that benefitted each of them financially and otherwise.

49. Through the Defendants' Unauthorized Uses of the Photograph, which were used to promote and market, among other things, the Album, the Tour and merchandise, the Plaintiff conferred a benefit upon the Defendants.

50. The Defendants were, and are aware of, and had knowledge of, the benefit that they received from the Plaintiff when they used, displayed, published, and commercially exploited the Photograph.

51. The Defendants intended to receive and ultimately did/have received financial gain and compensation through the Unauthorized Uses of the Photograph, and through their sales and promotion of, among other things, the Album and the Tour.

52. Notwithstanding the financial gain and compensation that the Defendants received through their infringing usage of the Photograph, the Plaintiff has not received *any* financial gain or compensation though the commercial release of the Photograph, and he has not been properly credited for his intellectual property, the Photograph.

53. The circumstances are such that it would be inequitable for the Defendants to retain the benefit that was conferred upon them by the Plaintiff, without providing any benefit to the Plaintiff.

**WHEREFORE**, for the reasons set forth herein, the Plaintiff respectfully requests that this Court award damages in his favor and against the Defendants and each of them as follows:

a. For general and special damages to be proven at trial in an amount in excess of $150,000.00 dollars;

b. For an injunction, declaration, or other mandate that provides for the Plaintiff to be properly credited as a "photographer," and "owner" of the Photograph;

c. For an injunction, declaration, or other mandate that provides for the Defendants to direct any and all third-parties whom they control to properly credit the Plaintiff, to the extent possible, prior to this action and going forward;

d. For a full and proper accounting of any and all monies earned by the Defendants through their use of the Photograph and through their sales of, among other things, the Album and the Tour;

e. For the respective plaque(s) and any other credit/ancillary benefit(s) that Plaintiff is entitled

f.  For the costs of this action;

g.  For attorney's fees; and

h.  For any other and further legal and equitable relief this Court deems just and proper.

DATED this 11th day of December 2025.

**THE WILLIAMS LAW GROUP**

/s Andrew Williams, Esq.
BY: ANDREW WILLIAMS, ESQ.
California Bar No.: 310526
9600 S. Dixie Hwy
Suite 1311
Miami, Florida 33156
Telephone: (305) 916-1122
*Attorney for Plaintiff Annie Devine*
E-Service: Andrew@TheWilliamsLG.com
Secondary: WilliamsLawFlorida@gmail.com

## DEMAND FOR JURY TRIAL

The Plaintiff ALLAN JOSEPH SALAS, hereby demands a trial by jury for all issues so triable.

DATED this 11th day of December 2025.

**THE WILLIAMS LAW GROUP**

/s Andrew Williams, Esq.

## RESERVATION OF RIGHTS

The Plaintiff ALLAN JOSEPH SALAS reserves the right to further amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against the Defendants or any other parties as may be warranted under the circumstances and as allowed by law. The Plaintiff further reserves the right to seek and have punitive damages assessed against the Defendants.

DATED 11th day of December 2025.

**THE WILLIAMS LAW GROUP**

/s Andrew Williams, Esq.

COMPLAINT FOR DAMAGES - 10