BENJAMIN S. AKLEY (State Bar No. 278506)
*bakley@pryorcashman.com*
**PRYOR CASHMAN LLP**
1901 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

*Attorneys for Defendants Rodarius Marcell Green; Alamo Records; Sony Music Entertainment*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN JOSEPH SALAS, an individual<br><br>Plaintiff,<br><br>v.<br><br>RODARIUS MARCELL GREEN p/k/a "Rod Wave," an individual; ALAMO RECORDS; SONY MUSIC ENTERTAINMENT; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-11739-RGK-AGR<br><br>**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE OR, IN THE ALTERNATIVE, TO DISMISS**<br><br>Hearing:<br>Date: May 11, 2026<br>Time: 9:00 am<br>Courtroom: 850 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 11, 2026 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 850 of this Court, located at 255 East Temple Street, Los Angeles, California, 90012, Defendants Alamo Records ("Alamo") and Sony Music Entertainment ("SME," together with Alamo, the "Corporate Defendants") and Rodarius Marcell Green ("Rod Wave," together with the Corporate Defendants, "Defendants") will and hereby do move the Court for an order: (i) transferring venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a); (ii) in the alternative, dismissing the Complaint (the "Complaint") filed in this action by plaintiff Allan Joseph Salas ("Plaintiff") as to Rod Wave pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2) for lack of personal jurisdiction; and, (iii) in the alternative, dismissing Count III (Unjust Enrichment) of the Complaint as to all Defendants pursuant to FRCP 12(b)(6) for failure to state a claim.

This motion is made on the ground that: (i) venue is more appropriate in the Southern District of New York where the salient events substantially occurred and which is more convenient for the parties and witnesses; (ii) Rod Wave, a domiciliary of Georgia, is not subject to personal jurisdiction in California; and (iii) the unjust enrichment claim is preempted by the United States Copyright Act. This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declarations of Sanchay Jain ("Jain Decl.") and Benjamin S. Akley ("Akley Decl."), any memorandum of points and authorities, declaration or other papers filed on reply, all other pleadings and filings in this action, and such other matters as may be presented at or before the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place via a videoconference on March 27, 2026 and involved counsel for Plaintiff, as well as counsel for Defendants.

**PRYOR CASHMAN LLP**

Dated: April 7, 2026

By:  */s/ Benjamin S. Akley*
Benjamin S. Akley
*bakley@pryorcashman.com*

*Attorneys for Defendants*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

   I.   STATEMENT OF RELEVANT FACTS........................................................ 2

      A. Plaintiff's Associate, Yawn Coleman, Represents That He Is An Owner of the Photograph and That Its Use By Defendants Would Not Infringe ........ 2

      B. Plaintiff's Allegations and the Available Record Firmly Establish The Lack of Any Connection Between this Case and the State of California ............. 4

      C. Plaintiff's Attempts to Justify Jurisdiction and Venue in this Court are Insufficient ........................................................................................... 5

   II.   ARGUMENT ............................................................................................ 5

      A. The Court Should Transfer This Case to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a) Because It Is A Far More Convenient Forum ..................................................................................................... 5

          1.  This Action Could Have Been Brought in the S.D.N.Y. ........................ 6

          2.  Transferring This Case to The Southern District of New York Serves the Convenience of the Parties and Witnesses as Well as the Interests of Justice ............................................................................................... 7

              a.  The Convenience of the Parties Would Be Served By Transferring This Case to the Southern District of New York .............................. 7

              b.  The Convenience of the Witnesses Would Be Served By Transferring This Case to the Southern District of New York .............................. 8

              c.  Ease of Access to the Evidence Favors Transfer .............................. 9

              d.  Compulsory Process for Unwilling Witnesses is Neutral ................ 10

              e.  Plaintiff's Choice of Forum is Not Entitled to Deference Here ....... 10

              f.  Administrative Considerations are Neutral ..................................... 11

B. Alternatively, Rod Wave Should Be Dismissed from the Case for Lack of Jurisdiction.................................................................................................. 11

   1. Rod Wave is Not Subject to Specific Jurisdiction in California........... 12

      a. Plaintiff Cannot Establish That Rod Wave Purposely Directed Activities Towards California ......................................................... 13

      b. Plaintiff's Claims Do Not Arise Out of Rod Wave's Forum-Based Acts............................................................................................... 14

      c. Jurisdiction Over Rod Wave in California Would be Unreasonable ...................................................................................................... 14

C. Count III (Unjust Enrichment) Should Be Dismissed as Preempted by the Copyright Act ....................................................................................... 15

CONCLUSION ................................................................................................ 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abitbol v. Homelink, LLC*,
No. 2:20-cv-03654-RGK-PJW, 2020 WL 5102149 (C.D. Cal. July 28, 2020)......................................................................................................12

*Agasino v. Am. Airlines Inc.*,
No. 19-cv-03243-LB, 2019 WL 3387803 (N.D. Cal. July 26, 2019)..................9

*Alexander v. Metro-Goldwyn-Mayer Studios Inc.*,
No. CV 17-3123-RSWL-KSx, 2017 WL 5633407 (C.D. Cal. Aug. 14, 2017)......................................................................................................16

*Almeida v. W. Digital Corp.*,
No. 20-cv-04735-RS, 2021 WL 4441991 (N.D. Cal. June 25, 2021)................12

*Asahi Metals Indus. Co., Ltd. v. Super. Court*,
480 U.S. 102 (1987) .........................................................................................14

*Avrin v. Mentor Worldwide LLC*,
No. SACV 23-02278-CJC, 2024 WL 493417 (C.D. Cal. Feb. 7, 2024)..............9

*Barantsevich v. VTB Bank*,
954 F. Supp.2d 972 (C.D. Cal. 2013)................................................................12

*Beverage Mgmt. Sys., Inc. v. Ott*,
No. 3:12-CV-2126-SI, 2013 WL 1296083 (D. Or. March 26, 2013) ................10

*Biendara v. RCI, LLC*,
No. SACV 10-1878 AG (MLGx), 2011 WL 13137689 (C.D. Cal. Jan. 24, 2011) ..............................................................................................................6

*Bonilla v. United Brands Co., Inc.*,
No. CV 11-386-PA (DTBx), 2011 WL 13220120 (C.D. Cal. March 21, 2011) ..................................................................................................................9

*Carijano v. Occidental Petroleum Corp.*,
643 F.3d 1216 (9th Cir. 2011) .........................................................................10

*Charter Realty Grp. v. James River Ins. Co.*,
No. CV 20-4139 PA (Ex), 2020 WL 6385319 (C.D. Cal. July 6, 2020) ..... 5, 6, 7

*Christopher v. Reaching Fourth Ministries*,
No. 17-cv-00726-BAS-BLM, 2018 WL 501004 (S.D. Cal. Jan. 22, 2018) ................................................................................................................ 14

*Cielinksi v. Werner Enters., Inc.*,
No. CV 10-3951 AHM, 2010 WL 11598076 (C.D. Cal. Sept. 16, 2010) ........... 9

*Civello v. Equinix, Inc.*,
No. 24-cv-08803-JSW, 2025 WL 660247 (N.D. Cal. Feb. 28, 2025) ................ 7

*Commodity Futures Trading Commission v. Savage*,
611 F.2d 270 (9th Cir. 1979) ................................................................................ 6

*Core-Vent Corp. v. Nobel Indus. AB*,
11 F.3d 1482 (9th Cir. 1993) .............................................................................. 15

*Ctr. for Med. Progress v. Becerra*,
No. 8:20-cv-00891-JLS-DFM, 2020 WL 7786536 (C.D. Cal. Nov. 12, 2020) .................................................................................................................... 8

*Dadbod Apparel LLC v. Hildawn Design LLC*,
No. 2:24-cv-00188-DJC-AC, 2025 WL 449278 (E.D. Cal. Feb. 10, 2025) .................................................................................................................. 13

*Doe v. Geller*,
533 F. Supp. 2d 996 (N.D. Cal. 2008) ............................................................... 15

*Flo & Eddie, Inc. v. Sirius XM Radio Inc.*,
No. CV 13-5693 PSG, 2013 WL 12137591 (C.D. Cal. Dec. 3, 2013) .............. 11

*Garland v. Duane Morris, LLP*,
No. 24-cv-04639-HSG, 2024 WL 4428976 (N.D. Cal. Oct. 4, 2024) ............. 2, 9

*Gates Learjet Corp. v. Jensen*,
743 F.2d 1325 (9th Cir. 1984) .............................................................................. 8

*Gnanaraj v. Lilium N.V.*,
No. CV 22-2564 FMO, 2023 WL 11904069 (C.D. Cal. Feb. 10, 2023) ........... 11

*Gray v. Hudson*,
No. 14-cv-1183 (HEA), 2015 WL 4488143 (E.D. Mo. July 23, 2015) ............. 14

*Hangzhou Chic Intelligent Tech. Co., Ltd. v. Swagway, LLC*,
No. 16-cv-04804-HSG, 2017 WL 1425915 (N.D. Cal. April 21, 2017) .........2, 9

*Hankins v. Titmouse Inc.*,
No. 2:25-cv-02454-AB-KS, 2025 WL 2684298 (C.D. Cal. July 30,
2025) ...............................................................................................................16

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) ...............................................................................6

*Line Apparel, LLC v. GSG PPE*,
No. 2:21-cv-06462-SVW-KK, 2021 WL 6618899 (C.D. Cal. Dec. 15,
2021) .........................................................................................................2, 12, 13

*Lyft, Inc. v. AGIS Software Dev. LLC*,
No. 21-cv-04653, 2022 WL 767616 (N.D. Cal. Mar. 14, 2022).........................7

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011) ...........................................................................12

*Metz v. U.S. Life Ins. Co. in City of New York*,
674 F. Supp. 2d 1141 (C.D. Cal. 2009)................................................................8

*MMAS Research LLC v. Johnson and Johnson Innovative Med.*,
No. 2:25-cv-01057-RGK-SK, 2026 WL 103971 (C.D. Cal. Jan. 8,
2026) ...................................................................................................................13

*Mobile Tech, Inc. v. InVue Sec. Prods. Inc.*,
No. CV 17-07491-SJO, 2018 WL 2558390 (C.D. Cal. Jan. 30, 2018)..............11

*Modavox, Inc. v. AOL LLC*,
No. CV 08-05914 SJO, 2009 WL 8548648 (C.D. Cal. April 14, 2009)..............8

*Moore v. Universal Vacation Club, Inc.*,
No. 14-cv-2604 AJB (RBB), 2015 WL 11582834 (S.D. Cal. March 6,
2015) ...................................................................................................................10

*NationalEFT, Inc. v. Checkgateway, L.L.C.*,
No. 12-cv-1498-WQH-JMA, 2013 WL 593759 (S.D. Cal. Feb. 15,
2013) ...................................................................................................................13

*Pall Corp. v. PTI Techs., Inc.*,
992 F. Supp. 196 (E.D.N.Y. 1998).................................................................2, 9

*Physicians Healthsource, Inc. v. Transcept Pharma, Inc.*,
No. 13-Cv-5490 YGR, 2014 WL 1760951 (N.D. Cal. April 30, 2014) .............. 7

*Prencipe v. Pishevar*,
No. CV 23-2570-GW-ASx, 2023 WL 12195965 (C.D. Cal. Aug. 9, 2023) .............................................................................................................. 10

*Ryoo Dental, Inc. v. Han*,
No. SACV 15-308-JLS, 2015 WL 4208580 (C.D. Cal. July 9, 2015) .............. 16

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ........................................................................ 13

*Skanda Grp. of Indust., LLC v. Cap. Health Partner, LLC*,
No. 2:20-CV-10189-CAS-MRWx, 2020 WL 7630687 (C.D. Cal. Dec. 21, 2020) .................................................................................................... 13

*Smith v. Weeknd*,
No. CV 19-2507 PA, 2019 WL 6998666 (C.D. Cal. Aug. 23, 2019) .............. 15

*Stewart Org., Inc. v. Ricoh Corp.*,
487 U.S. 22 (1988) .......................................................................................... 6

*Taylor v. Univ. Music Corp.*,
No. CV-12-07507-RGK, 2013 WL 12136369 (C.D. Cal. March 19, 2013) .......................................................................................................... 15

*Thermolife Int'l, LLC v. Vital Pharms., Inc.*,
No. CV 14-2449 RSWL (AGRx), 2014 WL 12235190 (C.D. Cal. Aug. 15, 2014) .......................................................................................................... 11

*Valentine v. Nebuad, Inc.*,
No. Co8-05113 (TEH), 2009 WL 8186130 (N.D. Cal. Oct. 6, 2009) .............. 15

*Van Dusen v. Barrack*,
376 U.S. 612 (1964) ........................................................................................ 6

*Wellosophy Corp. v. Her Nutrition, LLC*,
No. 2:10-cv-02229-GMN-GWF, 2011 WL 6253392 (D. Nev. Dec. 12, 2011) ............................................................................................................ 14

*Wyner Law Grp., PC v. Soltes*,
No. CV 24-6774 DMG (Ex), 2024 WL 4868325 (C.D. Cal. Nov. 5, 2024) ............................................................................................................ 2

**Statutes**

17 U.S.C. § 101 ............................................................................................. 2, 15, 16

17 U.S.C. § 102(a)(5) ........................................................................................... 15

17 U.S.C. § 106(5) ............................................................................................... 16

28 U.S.C. § 1338(a) ............................................................................................... 6

28 U.S.C. § 1391(b)-(d) ......................................................................................... 6

28 U.S.C. § 1400(a) ............................................................................................... 6

28 U.S.C. § 1404(a) .................................................................................... 5, 6, 7, 8

**Other Authorities**

https://www.uscourts.gov/sites/default/files/document/fcms_na_distcomp
    arison1231.2025.pdf ....................................................................................... 11

## MEMORANDUM OF POINTS AND AUTHORITIES

This case stems from the alleged infringement of a photograph purportedly taken by Plaintiff and depicting defendant Rod Wave (the "Photograph"). While the substance of Plaintiff's allegations is in serious dispute,[1] there can be no dispute that this case should not proceed in California—there is not a single party, witness or fact in this case that relates to the State of California or this federal district.[2] Indeed, Plaintiff affirmatively pleads that (i) he is not domiciled in California, (ii) Rod Wave is not domiciled in California, (iii) the Corporate Defendants are not based in California, and (iv) the events underlying the claim did not occur in California. (See D.E.1 ("Compl.") ¶¶ 3-6, 13).[3] Thus, this case should be transferred to the Southern District of New York, where the Corporate Defendants maintain their principal places of business, records, and witnesses, and which is a superior and more convenient forum to litigate these east coast-based claims even for Plaintiff (who resides in Florida).

Should the Court decline to transfer this case, Rod Wave must be dismissed because the Court lacks personal jurisdiction over him. Again, Plaintiff admits that Rod Wave is not domiciled in California, and Plaintiff fails to point to a **single act** taken by Rod Wave involving California. Plaintiff's sole assertion even remotely relevant to the Court's personal jurisdiction over Rod Wave—that he supposedly

---

[1] As summarized below and will be proven during discovery, Defendants cannot be liable for copyright infringement (or any other claim) arising from their use of the Photograph because they received the Photograph and were given permission to use it by Yawn Coleman (an associate of Plaintiff), who repeatedly represented that he was able to transfer the necessary rights. However, to be clear, those facts are included in this Motion solely to provide helpful context for why this case lacks any meaningful connection to California and would be more appropriately venued in New York, and Defendants do not seek or expect the Court to resolve ownership or liability issues at this stage.

[2] Plaintiff's conclusory assertions that a "substantial part of the events giving rise to these claims occurred in Los Angeles County, California" (D.E. 1 ¶ 9) is both legally deficient and, based on Plaintiff's own allegations, clearly incorrect.

[3] Even Plaintiff's lawyer is not located in California. (See Compl. at 10 (signature block)).

"conducted business in the State of California" (Compl. ¶ 4)—is facially and legally conclusory and deficient. *See, e.g.*, *Line Apparel, LLC v. GSG PPE*, No. 2:21-cv-06462-SVW-KK, 2021 WL 6618899, at *3 (C.D. Cal. Dec. 15, 2021).

Lastly, in the event that this Court does maintain this action, Defendants respectfully submit that Plaintiff's claim for unjust enrichment (Count III) should be dismissed because it is preempted by the United States Copyright Act.

## I.    STATEMENT OF RELEVANT FACTS.[4]

**A.    Plaintiff's Associate, Yawn Coleman, Represents That He Is An Owner of the Photograph and That Its Use By Defendants Would Not Infringe**

Plaintiff alleges that in August 2024, he took the Photograph during a Rod Wave concert.  (Compl. ¶¶ 12-13).  In October 2024, Rod Wave released a studio album entitled "*Last Lap*," which used the Photograph as the album's cover art.  (*Id.* ¶¶ 15-16).   Rod Wave then commenced a nationwide tour using the Photograph for promotional and merchandising purposes.  (*Id.* ¶¶ 17-19).

Plaintiff alleges that the Defendants were "explicitly advised that the Photograph belonged to and was the proprietary property of [Plaintiff]," and that they never sought Plaintiff's permission or a license from him to use the Photograph.  (Compl. ¶¶ 20-25).

---

[4] The facts addressed in this motion are taken from either (i) the Complaint, in which case they are presumed true solely for purposes of this motion, or (ii) the accompanying declarations, which are submitted and contain facts only relevant to the questions of whether this Court is the proper venue for this action and can exercise personal jurisdiction over Rod Wave. *See Wyner Law Grp., PC v. Soltes*, No. CV 24-6774 DMG (Ex), 2024 WL 4868325, at *1 (C.D. Cal. Nov. 5, 2024) (on a Rule 12(b)(2) jurisdictional motion, courts "may consider evidence outside of the pleadings, including affidavits submitted by the parties"); *Pall Corp. v. PTI Techs., Inc.*, 992 F. Supp. 196, 198 (E.D.N.Y. 1998) (on a motion to transfer, a "movant ***must*** support the motion with an affidavit containing 'detailed factual statements'") (emphasis added); *cf. Garland v. Duane Morris, LLP*, No. 24-cv-04639-HSG, 2024 WL 4428976, at *4 n.3 (N.D. Cal. Oct. 4, 2024) (considering factual declaration submitted in support of motion to transfer); *Hangzhou Chic Intelligent Tech. Co., Ltd. v. Swagway, LLC*, No. 16-cv-04804-HSG, 2017 WL 1425915, at *3-4 (N.D. Cal. April 21, 2017) (same).

But Plaintiff's account omits critical facts that will be elicited in this case from a key witness and professional associate of Plaintiff, Yawn Coleman.

Specifically, the evidence will show that, following Rod Wave's concert in August 2024, Coleman – a photographer associated with a company named "Shotbyeye4 LLC" – asked Plaintiff to "[s]end [him] all Rod photos first so I can send to him before you post him," and to "just wait on the post till I send him photos with him in it so he can see them first." (*See, e.g.*, Akley Decl., Ex. 3). Coleman also asked Plaintiff to "collab[orate] with the [ShotBy] eye 4 page," to which Plaintiff agreed. (*See id.*). Coleman next shared the Photograph with Sanchay "Dharmic" Jain, then an employee of Alamo, and who now serves as Rod Wave's manager. (*See, e.g.*, Jain Decl., Ex. 1).

Plaintiff alleges that Jain "inquired into who owned the Photograph and he was expressly advised that the Photograph was owned by Mr. Salas." (Compl. ¶ 20). It is accurate that Jain ***did*** inquire into the ownership of the Photograph. (*See* Jain Decl., Ex. 1 (Jain to Coleman: "Hey, you took this right?")). What Plaintiff excludes, however, is that in response to Jain's inquiry, Coleman affirmatively represented that ***he and the Shotbyeye4 team*** owned the Photograph. (*See id.* (Coleman to Jain: "Yeah my team took that photo")). At no point did Coleman advise Jain, or anyone at SME or Alamo, that the Photograph was owned by Plaintiff.

Moreover, Coleman then executed on behalf of the Shotbyeye4 LLC "team" a Creative Group Artwork Purchase Order, which Jain subsequently countersigned on behalf of the Corporate Defendants. (*See, e.g.*, Jain Decl. ¶ 3, Ex. 2 (the "<u>Photograph Buyout Agreement</u>")). Through the Photograph Buyout Agreement, Coleman again warranted and represented that Shotbyeye4 LLC had the "right and power to enter into and fully perform th[e] agreement" and that the use of the Photograph would not "violate any law or infringe any rights of others." (Photograph Buyout Agreement ¶¶ 5(a), (b)). The Corporate Defendants relied on these written representations and

warranties in the ordinary course of business and had no independent reason to doubt the ownership claims made by Shotbyeye4 LLC at the time.

Plaintiff alleges that, "unbeknownst" to him, the Photograph was used as the cover art for the *Last Lap* album. (Compl. ¶ 16). Yet, weeks before the album's release on October 11, 2024 (*id.* ¶ 15), Plaintiff screenshotted an album announcement on Rod Wave's social media which featured the Photograph, and excitedly asked whether this was "real life," expressed his "love" to Coleman and remarked "[w]hat a journey it's been." (*See, e.g.*, Akley Decl., Ex. 3).

Accordingly, Coleman and Jain are clearly key witnesses in this case and have no connection to California.

**B.    Plaintiff's Allegations and the Available Record Firmly Establish The Lack of Any Connection Between this Case and the State of California**

Plaintiff admits that he is a Florida-based photographer who lives in Orange County, Florida. (Compl. ¶¶ 3, 10; D.E. 2 at 1). Plaintiff further admits that Alamo and SME maintain their principal places of business in New York. (Compl. ¶¶ 5-6). Plaintiff alleges that Rod Wave was "at all relevant times mentioned herein a citizen of the State of Florida." (*Id.* ¶ 4).[5] As such, Plaintiff's own allegations establish the lack of connection between this case and California.

Likewise, Jain and Coleman do not reside in California, and at the time of all salient events Jain resided in New York, from where he negotiated and executed the Photograph Buyout Agreement on behalf of the Corporate Defendants. (Jain Decl. ¶ 5).[6]

---

[5] At the time the Complaint was filed on December 11, 2025, and through the present, Rod Wave has been a domiciliary of the State of Georgia. (*See* Akley Decl. ¶ 5). Plaintiff appears to recognize this fact, listing Rod Wave's county of residence as "Fulton," the county in which Rod Wave is domiciled in Georgia. (*See* D.E. 2 at 1).

[6] Jain relocated to Georgia in 2026, but continues to regularly visit New York for business purposes. (Jain Decl. ¶ 6). As for Coleman, Defendants' current understanding is that he resides in east Texas (Dallas). (Akley Decl. ¶ 4).

As such, Plaintiff's own allegations establish that there is no connection between this case and California and that the Southern District of New York would be a more appropriate and convenient forum.

**C.    Plaintiff's Attempts to Justify Jurisdiction and Venue in this Court are Insufficient**

Notwithstanding all of the above, Plaintiff contends in his Complaint that Defendants "conducted business in the State of California, and specifically Los Angeles County," and that "[v]enue is proper in this District pursuant to § 1391, in that the Defendants reside and/or conduct business in Los Angeles County, California, and a substantial part of the events giving rise to these claims occurred in Los Angeles County, California." (*See* Compl. ¶¶ 4-6, 9). But Plaintiff does not allege any actual facts in support of those conclusory, baseless, and meaningless assertions—he does not allege what the Defendants' supposed "business in the State of California is," whether the purported "business" was specifically related to the Photograph at issue, or any detail about the "substantial part of the events" that purportedly occurred in Los Angeles County, California.

**II.    ARGUMENT**

**A.    The Court Should Transfer This Case to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a) Because It Is A Far More Convenient Forum**

28 U.S.C. § 1404(a) provides in relevant part that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Courts evaluating a motion to transfer under Section 1404(a) consider two factors: "(1) whether the district to which the moving party seeks to transfer meets the requirement of being one where the case 'might have been brought'; and (2) if it does, would transfer serve the interest of the convenience of parties and witnesses, and the 'interest of justice.'" *Charter Realty Grp. v. James River Ins. Co.*, No. CV 20-4139 PA (Ex),

2020 WL 6385319, at *2 (C.D. Cal. July 6, 2020).  Defendants respectfully submit that both factors are satisfied.

The purpose of transfer under § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  The court has broad discretion to transfer a case under § 1404(a). *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

**1.      This Action Could Have Been Brought in the S.D.N.Y.**

In evaluating whether an action "might have been brought" in the alternative forum under Section 1404(a), courts consider whether (1) the transferee court has subject matter jurisdiction, (2) venue is proper there, and (3) the defendants are subject to personal jurisdiction there.  *Charter Realty Grp.*, 2020 WL 6385319, at *2.

Here, all three elements are satisfied.  Like this Court, the Southern District of New York has federal question jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. § 1338(a).  (Compl. ¶ 8).  Additionally, Plaintiff acknowledges that the Corporate Defendants maintain their principal places of business in New York (*id.* ¶¶ 5-6), and thus, that venue is proper.  *See* 28 U.S.C. § 1391(b)-(d).  Finally, the Southern District of New York has personal jurisdiction over Defendants because: (i) the Corporate Defendants' respective principal places of business are both located in New York (*see* Compl. ¶¶ 5-6); 28 U.S.C. § 1391(b)-(d); 28 U.S.C. § 1400(a); *Biendara v. RCI, LLC*, No. SACV 10-1878 AG (MLGx), 2011 WL 13137689, at *2 (C.D. Cal. Jan. 24, 2011) (granting transfer to district where defendant maintained its principal place of business); and (ii) although Rod Wave resides (and thus is only subject to general jurisdiction) in Georgia, as discussed above, Jain (now Rod Wave's manager) negotiated and executed the Photograph Buyout Agreement in New York and, thus, New York is the locus of the events giving rise to Plaintiff's claim in this

case. As such, Rod Wave would not object to the Southern District of New York exercising specific personal jurisdiction over him for the purpose of adjudicating those particular claims.

**2. Transferring This Case to The Southern District of New York Serves the Convenience of the Parties and Witnesses as Well as the Interests of Justice**

In determining whether the transferee venue promotes convenience and justice, courts consider the following five factors: "(1) convenience to the parties and witnesses; (2) relative ease of access to evidence; (3) availability of compulsory process for attendance of unwilling witnesses; (4) plaintiff's choice of forum; and (5) administrative considerations." *Charter Realty Grp.*, 2020 WL 6385319, at *3 (citing *Decker Coal Co. v Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). Here, these factors either weigh in favor of transfer or are neutral.

a. The Convenience of the Parties Would Be Served By Transferring This Case to the Southern District of New York

The convenience to the parties strongly favors transfer. Because the Corporate Defendants maintain their principal places of business (and thus their records and witnesses) in New York, it is "clear that the comparative expense of litigating in [their] home forum would reduce the cost to [them]." *See, e.g.*, *Civello v. Equinix, Inc.*, No. 24-cv-08803-JSW, 2025 WL 660247, at *3 (N.D. Cal. Feb. 28, 2025). Likewise, Rod Wave's domicile in Georgia is far closer to New York than California. The flight from Georgia to New York City (approximately two hours) is considerably shorter than the flight from Atlanta to Los Angeles (approximately six hours) and, more importantly, Georgia and New York are in the same time zone.[7] *See, e.g.*, *Physicians Healthsource,*

---

[7] The court may take judicial notice of flight times and travel distances for witnesses when conducting a Section 1404(a) transfer analysis. *See Lyft, Inc. v. AGIS Software Dev. LLC*, No. 21-cv-04653, 2022 WL 767616, at *5 n.1 (N.D. Cal. Mar. 14, 2022) (citing *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012)).

*Inc. v. Transcept Pharma, Inc.*, No. 13-Cv-5490 YGR, 2014 WL 1760951, at *2 (N.D. Cal. April 30, 2014) (granting transfer where the defendants were all located on the east coast and the plaintiff was "not located in California" and had no other significant contacts with the state).

For the same reasons, the Southern District of New York is also more convenient for **Plaintiff**, who resides in Orange County, Florida. (Compl. ¶ 3; D.E. 2). *See, e.g., Rams*, 2015 WL 13917663, at *2 (granting record label's motion to transfer to the S.D.N.Y. from the C.D. Cal. because, *inter alia*, New York was closer to the Plaintiff than California and the relevant Defendant entities were based in New York).

As such, this factor weighs heavily in favor of transfer. *See, e.g., Modavox, Inc. v. AOL LLC*, No. CV 08-05914 SJO (PJWx), 2009 WL 8548648, at *3-4 (C.D. Cal. April 14, 2009) (granting transfer where "none of the parties is a resident of California" and the "S.D.N.Y. is a significantly more convenient forum for Defendants").

> b. The Convenience of the Witnesses Would Be Served By Transferring This Case to the Southern District of New York

The most important factor – the convenience of witnesses – also strongly favors transfer in this case. *See Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) ("The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a).").

In considering a motion to transfer, courts must "examine[ ] the materiality and importance of the anticipated witnesses' testimony." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984); *accord Ctr. for Med. Progress v. Becerra*, No. 8:20-cv-00891-JLS-DFM, 2020 WL 7786536, at *6 (C.D. Cal. Nov. 12, 2020) (courts must consider the "nature and quality" of the witnesses). As discussed above, courts in this Circuit routinely consider evidence submitted through supporting declarations in

undertaking this analysis. *See, e.g., Garland*, 2024 WL 4428976, at *4 n.3; *Hangzhou Chic Intelligent Tech. Co., Ltd.*, 2017 WL 1425915, at *3-4; *Pall Corp.*, 992 F. Supp. at 198.

Here, the Complaint does not identify any witnesses located in the Central District of California. Defendants are currently aware of three principal and (as described above) critical witnesses (Plaintiff, Jain and Coleman), none of whom reside in California.[8] The testimony of these non-California (and at least two east coast) residents will inform every aspect of this case.

Accordingly, this factor also weighs heavily in favor of transfer.

c. Ease of Access to the Evidence Favors Transfer

The ease of access to evidence "weigh[s] heavily in favor of transfer" where there "appear[s] to be no relevant witnesses or sources of proof located in California." *See Avrin v. Mentor Worldwide LLC*, No. SACV 23-02278-CJC (ADSx), 2024 WL 493417, at *2 (C.D. Cal. Feb. 7, 2024). Plaintiff has not pointed to any evidence located in California and, again, none of the parties or witnesses are located in California.

Further, Plaintiff concedes that the Corporate Defendants maintain their principal places of business and records, including records relating to the acquisition and use of the Photograph, in New York. (*See* Compl. ¶¶ 5-6). Courts have routinely found greater ease of access to evidence at principal places of business. *See, e.g., Cielinksi v. Werner Enters., Inc.*, No. CV 10-3951 AHM (MANx), 2010 WL 11598076, at *4 (C.D. Cal. Sept. 16, 2010); *Bonilla v. United Brands Co., Inc.*, No. CV 11-386-PA (DTBx), 2011 WL 13220120, at *3 (C.D. Cal. March 21, 2011); *Agasino v. Am. Airlines Inc.*, No. 19-cv-03243-LB, 2019 WL 3387803, at *5 (N.D. Cal. July 26, 2019). This remains the case even when evidence is in electronic form. *See Cielinksi*, 2010 WL 11598076, at *4.

---

[8] And as discussed above, the Corporate Defendants' witnesses will be located in New York.

This factor also weighs in favor of transfer.

d. Compulsory Process For Unwilling Witnesses Is Neutral

The "initial question" for this factor is "whether it has been alleged or shown that witnesses would be unwilling to testify." *Moore v. Universal Vacation Club, Inc.*, No. 14-cv-2604 AJB (RBB), 2015 WL 11582834, at *6 (S.D. Cal. March 6, 2015). Because Plaintiff has not made any such allegation or showing, the Ninth Circuit has instructed that the "court should not attach much weight to the compulsory process factor." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1231 (9th Cir. 2011).

In any event, because the only non-party witnesses identified thus far do not live in California or New York, this factor is neutral. *See, e.g.*, *Beverage Mgmt. Sys., Inc. v. Ott*, No. 3:12-CV-2126-SI, 2013 WL 1296083, at *9 (D. Or. March 26, 2013) (finding this factor neutral because the non-party witnesses did not live in the transferor state or the transferee state, and "thus there is no difference in compulsory process" between those states).

e. Plaintiff's Choice of Forum is Not Entitled to Deference Here

Plaintiff's choice to file suit in this forum is not entitled to deference in this case. Plaintiff does not allege that a ***single act*** underlying his claims occurred in this forum. Indeed, Plaintiff alleges that the Photograph was taken in Florida. (Compl ¶ 13). Moreover, Plaintiff alleges that he "was at all relevant times . . . a citizen of the State of Florida" (Compl. ¶ 3), that Rod Wave is a citizen of a state other than California (*id.* ¶ 4), and that the Corporate Defendants have their principal places of business in New York. (*Id.* ¶¶ 5, 6). Plaintiff's and Defendants' ***undisputed*** residence in other states weighs heavily in favor of transfer. Thus, while Plaintiff's choice of forum may normally be entitled to some deference, it is decidedly not in this case. *See, e.g.*, *Prencipe v. Pishevar*, No. CV 23-2570-GW-ASx, 2023 WL 12195965, at *12 (C.D. Cal. Aug. 9, 2023) (granting motion to transfer and finding plaintiff's choice to litigate in California was afforded to little deference where the plaintiff resided out of state, the

individual defendants resided out of state, and the corporate defendants had their principal places of business out of state); *Gnanaraj v. Lilium N.V.*, No. CV 22-2564 FMO (MRWx), 2023 WL 11904069, at *2-4 n.6 (C.D. Cal. Feb. 10, 2023) (same).

This factor also weighs heavily in favor of transfer.

f.   <u>Administrative Considerations are Neutral</u>

Finally, where, as here, the "other factors either weigh in favor of transfer or are neutral," courts will "decline[ ] to address the Parties' arguments" on administrative considerations, should they be made.  *See Thermolife Int'l, LLC v. Vital Pharms., Inc.*, No. CV 14-2449 RSWL (AGRx), 2014 WL 12235190, at *6 (C.D. Cal. Aug. 15, 2014) (granting transfer).

Regardless, the "Ninth Circuit gives little weight to administrative considerations such a[s] docket congestion." *Mobile Tech, Inc. v. InVue Sec. Prods. Inc.*, No. CV 17-07491-SJO (AFMx), 2018 WL 2558390, at *5 (C.D. Cal. Jan. 30, 2018).  Such administrative considerations are particularly weightless here because the Central District of California and Southern District of New York have comparable congestion.[9]  *See, e.g.*, *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. CV 13-5693 PSG (RZx), 2013 WL 12137591, at *5 (C.D. Cal. Dec. 3, 2013) (finding administrative considerations neutral for transfer from CD Cal to SDNY because the "marginal difference is slight" between the jurisdictions).

This factor is neutral.

*     *     *

In sum, for the reasons set forth above, the relevant factors collectively weigh in favor of transferring this case to the Southern District of New York.

**B.   Alternatively, Rod Wave Should Be Dismissed from the Case for Lack of Jurisdiction**

Should the Court decline to transfer this case to the Southern District of New

---

[9]https://www.uscourts.gov/sites/default/files/document/fcms_na_distcomparison1231.2025.pdf

York, Rod Wave respectfully requests dismissal pursuant to Fed. R Civ. P. 12(b)(2).

"When a defendant seeks dismissal of an action for lack of personal jurisdiction under Rule 12(b)(2), the ***plaintiff*** bears the burden of demonstrating that jurisdiction is proper." *Abitbol v. Homelink, LLC*, No. 2:20-cv-03654-RGK-PJW, 2020 WL 5102149, at *1 (C.D. Cal. July 28, 2020) (emphasis added) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)). The Court must consider "whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction," *Abitbol*, 2020 WL 5102149, at *1, and "whether the exercise of jurisdiction over defendants would be consistent with due process." *Barantsevich v. VTB Bank*, 954 F. Supp.2d 972, 982 (C.D. Cal. 2013) (citing Cal. Code Civ. P. § 410.10). Due process is satisfied only through the establishment of general personal jurisdiction or specific personal jurisdiction. *Barantsevich*, 954 F. Supp. 2d at 982.

Critically, barebones allegations that a defendant "conducted business" in the state are insufficient to survive a motion to dismiss for want of personal jurisdiction. *See, e.g.*, *Line Apparel, LLC*, 2021 WL 6618899, at *3.

**1. Rod Wave is Not Subject to Specific Jurisdiction in California[10]**

"California's long arm statute . . . is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). This analysis requires "certain minimum contracts" with the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.*

Plaintiff has not pleaded and cannot establish the minimum contacts necessary

---

[10] By pleading that Rod Wave is domiciled outside of California (Compl. ¶ 4), Plaintiff concedes that this Court may not exercise general personal jurisdiction over Rod Wave. *See, e.g.*, *Almeida v. W. Digital Corp.*, No. 20-cv-04735-RS, 2021 WL 4441991, at *3 (N.D. Cal. June 25, 2021) (finding no jurisdiction where, as here, the plaintiff's "***own allegations***" established that the defendant was not subject to general personal jurisdiction in California) (emphasis added).

for this Court to exercise jurisdiction over Rod Wave.  In an action claiming copyright infringement and unjust enrichment, a Plaintiff must establish both that (1) the nonresident defendant purposefully directed his activities towards the forum, and (2) the claim arises out of the defendant's forum-related activities.  *See MMAS Research LLC v. Johnson and Johnson Innovative Med.*, No. 2:25-cv-01057-RGK-SK, 2026 WL 103971, at *3 (C.D. Cal. Jan. 8, 2026) (copyright infringement claim); *accord Dadbod Apparel LLC v. Hildawn Design LLC*, No. 2:24-cv-00188-DJC-AC, 2025 WL 449278, at *4 (E.D. Cal. Feb. 10, 2025) (same, unjust enrichment claim).  Only "[i]f the plaintiff succeeds in satisfying both prongs," is the reasonableness of the exercise of jurisdiction considered.  *See MMAS Research LLC*, 2026 WL 103971, at *3.

a. Plaintiff Cannot Establish That Rod Wave Purposely Directed Activities Towards California

Purposeful direction is only found where there is (1) an intentional act, (2) expressly aimed at the forum state, (3) that causes harm that the defendant knows is likely to be suffered in the forum state.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004).

Plaintiff does not allege **any** act taken by Rod Wave aimed at California.  Plaintiff's sole jurisdictional allegation regarding Rod Wave is the barebones assertion that he "conduct[s] business in the State of California, and specifically, Los Angeles County."  (Compl. ¶ 4).  But "conclusory allegations that [a defendant] was "doing business in the County of Los Angeles" "are insufficient to subject [that defendant] to specific jurisdiction" in California.  *See, e.g., Line Apparel, LLC v. GSG PPE*, No. 2:21-cv-06462-SVW-KK, 2021 WL 6618899, at *3 (C.D. Cal. Dec. 15, 2021); *Skanda Grp. of Indust., LLC v. Cap. Health Partner, LLC*, No. 2:20-CV-10189-CAS-MRWx, 2020 WL 7630687, at *6 (C.D. Cal. Dec. 21, 2020); *NationalEFT, Inc. v. Checkgateway, L.L.C.*, No. 12-cv-1498-WQH-JMA, 2013 WL 593759, at *9 (S.D. Cal. Feb. 15, 2013).

Likewise, Plaintiff does not allege that Rod Wave knew that Plaintiff would

suffer harm in California. Indeed, Plaintiff alleges that any harm he may have suffered would occur in ***Florida***, where he resides. (*See* Compl. ¶ 3; *see also, e.g.*, *Wellosophy Corp. v. Her Nutrition, LLC*, No. 2:10-cv-02229-GMN-GWF, 2011 WL 6253392, at *3 (D. Nev. Dec. 12, 2011) (harm would occur in Florida where plaintiff resided, rather than in the forum state).

Accordingly, Plaintiff has not alleged that Rod Wave purposely directed activities towards California.

### b. Plaintiff's Claims Do Not Arise Out of Rod Wave's Forum-Based Acts

Plaintiff also fails to allege that his claims arise out of Rod Wave's forum-based activities. *See, e.g.*, *Christopher v. Reaching Fourth Ministries*, No. 17-cv-00726-BAS-BLM, 2018 WL 501004, at *4 (S.D. Cal. Jan. 22, 2018) (court lacked jurisdiction over defendants where the complaint "identifie[d] no forum-based conduct of Defendants that would enable to this to exercise specific jurisdiction over them"). Indeed, Plaintiff does not identify *any* forum based activities allegedly conducted by Rod Wave.

To the extent Plaintiff vaguely references Rod Wave's "Last Lap Tour," Plaintiff does not allege that the tour itself formed the basis for Rod Wave's forum-based activities. (*See* Compl. ¶¶ 15-19). In any event, where a defendant's contacts are "limited to [ ] concert appearances," such "contacts fall within the random and fortuitous sphere of the analysis" and do not support personal jurisdiction. *See, e.g.*, *Gray v. Hudson¸* No. 14-cv-1183 (HEA), 2015 WL 4488143, at *6 (E.D. Mo. July 23, 2015).

### c. Jurisdiction Over Rod Wave in California Would Be Unreasonable

Finally, the exercise of specific personal jurisdiction over Rod Wave would not be "reasonable" under the circumstances pleaded. "Because the plaintiff is not a California resident, California's legitimate interests in the dispute have considerably diminished." *Asahi Metals Indus. Co., Ltd. v. Super. Court*, 480 U.S. 102, 114 (1987);

*accord Doe v. Geller*, 533 F. Supp. 2d 996, 1008 (N.D. Cal. 2008). And because Plaintiff is not a California resident, Plaintiff has no interest in obtaining convenient and effective relief in California. *See, e.g.*, *Valentine v. Nebuad, Inc.*, No. Co8-05113 (TEH), 2009 WL 8186130, at *9 (N.D. Cal. Oct. 6, 2009) ("It is unclear how Plaintiffs' interest in convenient and effective relief is satisfied by litigating this matter in California, where no Plaintiffs reside). As a result, California clearly has no "shared interest" in this case. *See, e.g.*, *Valentine*, 2009 WL 8186130, at *9. Nor has Plaintiff proven the unavailability of an alternative forum. *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993) (Plaintiff "bears the burden of the proving unavailability of an alternative forum").

\* \* \*

Accordingly, to the extent the Court does not transfer this action, Rod Wave should be dismissed from this action for lack of personal jurisdiction.

## C.    Count III (Unjust Enrichment) Should Be Dismissed as Preempted by the Copyright Act

To the extent the Court declines to transfer and/or dismiss this case for the reasons set forth above, Plaintiff's unjust enrichment claim (Count III) should be dismissed. Plaintiff's unjust enrichment claim, which is predicated upon the precise conduct at issue in the copyright infringement claims, is preempted by the Copyright Act (17 U.S.C. § 101 *et seq*.) because (i) the right at issue is copyrightable and (ii) the claim does not seek to "protect rights which are qualitatively different from the copyright acts." *Smith v. Weeknd*, No. CV 19-2507 PA (MRWx), 2019 WL 6998666, at *5 (C.D. Cal. Aug. 23, 2019) (citing 17 U.S.C. § 301(a)); *accord Taylor v. Univ. Music Corp.*, No. CV-12-07507-RGK (AJWx), 2013 WL 12136369, at *2 (C.D. Cal. March 19, 2013) ("Claims for unjust enrichment arising from the unauthorized use of a copyrighted work are generally held to be preempted.").

Here, the Photograph is copyrightable (and was copyrighted) under 17 U.S.C. § 102(a)(5). (*See* D.E. 4). Additionally, Plaintiff alleges that the Defendants were

unjustly enriched because they "displayed" the Photograph, (Compl. ¶ 48), which is an explicitly delineated right in a pictorial work protected under the Copyright Act. *See* 17 U.S.C. § 106(5). And Plaintiff even alleges that the unjust enrichment claim is based on Defendants' purportedly "***infringing***" usage of the Photograph. (Compl. ¶ 52). In other words, Plaintiff's unjust enrichment claim is based on the Copyright Act.

Accordingly, Plaintiff's unjust enrichment claim is preempted by the Copyright Act, requiring dismissal with prejudice. *See, e.g.*, *Hankins v. Titmouse Inc.*, No. 2:25-cv-02454-AB-KS, 2025 WL 2684298, at *11-12 (C.D. Cal. July 30, 2025); *Alexander v. Metro-Goldwyn-Mayer Studios Inc.*, No. CV 17-3123-RSWL-KSx, 2017 WL 5633407, at *10, 12 (C.D. Cal. Aug. 14, 2017) (same); *Ryoo Dental, Inc. v. Han*, No. SACV 15-308-JLS (RNBx), 2015 WL 4208580, at *4-5 (C.D. Cal. July 9, 2015).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request (i) the case be transferred to the Southern District of New York, (ii) in the alternative, that Rod Wave be dismissed from this case for lack of jurisdiction, (iii) in the alternative, that the Court grant Defendants' motion to dismiss Plaintiff's unjust enrichment claim for failure to state a claim, and (iv) that the Court grant Defendants any other relief it deems just and proper.

**PRYOR CASHMAN LLP**

Dated: April 7, 2026

By: /s/ Benjamin S. Akley

Benjamin S. Akley
*bakley@pryorcashman.com*

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 5,281 words, which complies with the word limit of L.R. 11-6.1 and Paragraph 6 of this Court's Standing Order Regarding New Assigned Cases.

Dated: April 7, 2026             */s/ Benjamin S. Akley*

                                        Benjamin S. Akley
                                        *bakley@pryorcashman.com*

                                        *Attorneys for Defendants*