JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11739-RGK-AGR | | Date | June 5, 2026 |
|---|---|---|---|---|
| Title | *Allan Joseph Salas v. Rodarius Marcell Green et al* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**          **(IN CHAMBERS) Order Re: Motion to Transfer Venue Or, In the
Alternative, Dismiss [20]**

## I.     INTRODUCTION

On December 11, 2025, Allan Joseph Salas ("Plaintiff") filed a Complaint against Rodarius
Marcell Green ("Green"), Alamo Records, and Sony Music Entertainment (with Alamo Records,
"Corporate Defendants") (collectively, "Defendants") alleging copyright infringement and unjust
enrichment. (ECF No. 1.)

Presently before the Court is Defendants' Motion to Transfer Venue Or, in the Alternative,
Dismiss. (ECF No. 20.) For the following reasons, the Court **GRANTS** the Motion to Transfer to the
Southern District of New York ("S.D.N.Y.") and **DENIES** the remaining Motion to Dismiss as **MOOT**.

## II.    JUDICIAL STANDARD

Section 1404(a) allows a district court to "transfer any civil action to any other district . . . where
it might have been brought or to any district . . . to which all parties have consented." 28 U.S.C. §
1404(a). "In the typical case not involving a forum-selection clause, a district court considering a §
1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest
considerations" to determine whether "a transfer would serve 'the convenience of parties and witnesses'
and otherwise promote 'the interest of justice.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of
Tex.*, 571 U.S. 49, 62–63 (2013) (quoting 28 U.S.C. § 1404(a)).

In determining whether the transferee venue promotes convenience of the parties and witnesses,
as well as the interest of justice, the Court considers the following five factors: (1) convenience to the
parties and witnesses; (2) relative ease of access to evidence; (3) availability of compulsory process for
attendance of unwilling witnesses; (4) plaintiff's choice of forum; and (5) administrative considerations.
*See Decker Coal Co. v Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

---

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11739-RGK-AGR | Date | June 5, 2026 |
|---|---|---|---|
| Title | *Allan Joseph Salas v. Rodarius Marcell Green et al* | | |

### III.    DISCUSSION

In this action, there does not appear to be a forum selection clause. The Court first addresses whether the action could have been brought in S.D.N.Y. before then moving on to evaluate the interests of convenience and justice.

### A.    Whether the Action Could Have Been Brought in S.D.N.Y.

Plaintiff does not dispute that the action could have been brought in S.D.N.Y. Additionally, it appears the action could have been brought in S.D.N.Y. because (1) a court in S.D.N.Y. would have federal question jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. § 1338(a); (2) venue is proper; (3) Defendants are subject to personal jurisdiction in S.D.N.Y. *See Charter Realty Grp. v. James River Ins. Co.*, 2020 WL 6385319, at *2 (C.D. Cal. July 6, 2020) (outlining the factors in determining where an action might have been brought).

A substantial portion of the events giving rise to Plaintiff's copyright infringement claim occurred in S.D.N.Y., as this is where the Photograph Buyout Agreement, an alleged key event in determining copyright ownership, was negotiated and executed. *See* 28 U.S.C. § 1391(b)(2) (venue is proper in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred."). In addition, personal jurisdiction is satisfied in S.D.N.Y. because the Corporate Defendants maintain their principal places of business in New York. *See Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014) ("The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business."); (Compl. ¶¶ 5–6, ECF No. 1.) Defendants have stated that the remaining Defendant, Green, would not object to the exercise of personal jurisdiction in New York, especially as a substantial part of the events occurred in S.D.N.Y. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) ("A person may submit to a State's authority in a number of ways. There is, of course, explicit consent."); (Mot. Transfer at 7.) Thus, the Court concludes that this action could have been brought in S.D.N.Y.

### B.    Interests of Convenience and Justice

The Court proceeds to consider the five factors used in determining the interest of convenience and justice.

#### 1.    *Convenience to the Parties and Witnesses*

None of the parties appear to reside in California, where the case currently is. Instead, the Corporate Defendants maintain their principal place of business in New York. Green resides in Georgia, which is closer to New York than California, requiring approximately half the air travel time than

---

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11739-RGK-AGR | | Date | June 5, 2026 |
|---|---|---|---|---|
| Title | *Allan Joseph Salas v. Rodarius Marcell Green et al* | | | |

traveling to California would. Furthermore, Plaintiff resides in Florida, which also is closer in distance to New York than California.

Additionally, non-party witnesses are closer to New York. "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009). When considering convenience of the witnesses, "[t]he court will consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case." *Callaway Golf Co. v. Corporate Trade Inc.*, 2010 WL 743829, at *6–7 (S.D. Cal. Mar. 1, 2010) (quoting *Steelcase, Inc. v. Haworth, Inc.*, 1996 WL 806026, at *3 (C.D. Cal. May 15, 1996)).

Defendants have made the Court aware that two key witnesses, Yawn Coleman and Sanchay "Dharmic" Jain reside in Texas and Georgia, respectively. The difference in flight times between Texas and California and Texas and New York is negligible, but as mentioned above, Georgia is closer to New York than it is to California. In contrast, Plaintiff identifies no material fact witness who will testify who is located in or close to California. Plaintiff only points to expert witnesses who he "has discussed retaining" and reside in California. (Opp. Mot. Transfer at 7, ECF No. 27.) However, Courts have held convenience to an expert, let alone a proposed expert, "is entitled to little or no weight in deciding a motion to transfer pursuant to Section 1404." *Open Innovation, LLC v. Char-Broil*, 2011 WL 13217756, at *4 (C.D. Cal. Feb. 11, 2011). Thus, the Court finds that S.D.N.Y. is a more convenient forum for both parties and key witnesses.

### 2. *Relative Ease of Access to Evidence*

Plaintiff has not indicated that any evidence is located in California, and, as mentioned, none of the parties or witnesses are located in California. On the other hand, Corporate Defendants have their principal place of business in New York, and thus most likely key evidence, such as records surrounding the acquisition and use of the photograph at issue, remain in New York. However, "[i]t is important not to overstate the importance of this factor, however, as most of the documentary evidence in this case is likely available electronically and will thus be equally accessible in either forum." *Yearby v. Am. Nat'l Ins. Co.*, 2021 WL 3855833, at *6 (N.D. Cal. Aug. 30, 2021). Thus, this factor only weighs marginally in favor of transfer to S.D.N.Y.

### 3. *Availability of Compulsory Process for Attendance of Unwilling Witnesses*

The initial question for this factor "is not whether there are witnesses beyond the reach of compulsory process, but rather 'whether it has been alleged or shown that witnesses would be unwilling to testify.'" *Moore v. Universal Vacation Club, Inc.*, 2015 WL 11582834, at *6 (S.D. Cal. Mar. 6, 2015) (quoting *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1231 (9th Cir. 2011)). None of the

---

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11739-RGK-AGR | | Date | June 5, 2026 |
|---|---|---|---|---|
| Title | *Allan Joseph Salas v. Rodarius Marcell Green et al* | | | |

witnesses appear to be unwilling. Furthermore, the only non-party witnesses who have been identified thus far do not live in or within 100 miles of C.D. Cal or S.D.N.Y., thus either court would be unable to subpoena the non-party witnesses. *See* Fed. R. Civ. P 45(b)(2) (the court's subpoena power to compel testimony of non-party witnesses extends to anywhere within the district and/or one hundred miles of the place of trial). Overall, therefore, this factor is neutral.

        4.    *Plaintiff's Choice of Forum*

"[A] plaintiff's choice of venue is generally accorded deference." *Allstar Mktg. Grp. v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009). However, "the plaintiff's choice of forum is . . . diminished if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum." *Munoz v. United States*, 2016 WL 7444855, at *3 (C.D. Cal. Feb. 24, 2016) (internal citation and quotations omitted). As stated above, neither Plaintiff nor any of the Defendants reside in California. As such, Plaintiff's choice of forum in C.D. Cal is not entitled to much, if any, deference. *See Valenzuela v. Sol Grp. Mktg. Co.*, 2015 WL 653086, at *3 (C.D. Cal. Jan. 30, 2015) ("While Plaintiff's choice of forum ordinarily merits great deference, the Court does not defer to his choice because he does not plead that he resides in California.").

        5.    *Administrative Considerations*

Both Plaintiff and Defendants concede that this factor is neutral, as "[t]he Ninth Circuit gives little weight to administrative considerations such a docket congestion." *Mobile Tech, Inc. v. InVue Sec. Prods. Inc.*, 2018 WL 2558390, at *5 (C.D. Cal. Jan. 30, 2018). Accordingly, this factor is neutral.

On balance, the factors weigh in favor of transfer to S.D.N.Y. Particularly, transferring this case to S.D.N.Y. will bolster the convenience to the parties and witnesses, where the convenience to witness "is often recognized as the most important factor." *Metz*, 674 F. Supp. 2d at 1147.

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-11739-RGK-AGR | Date | June 5, 2026 |
|---|---|---|---|
| Title | *Allan Joseph Salas v. Rodarius Marcell Green et al* | | |

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Transfer and **ORDERS** transfer to the Southern District of New York. The remaining Motion to Dismiss is **DENIED as moot.**

All other deadlines and hearings pending before this Court are vacated and taken off-calendar, to be reset as necessary in the Southern District of New York.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                JRE/sh